2013 OK 39

Jerry DOWELL, d/b/a Jerry Dowell Bail Bonding Company, International Fidelity Insurance Company, Allegheny Casualty Company, American Surety Company, Accredited Surety & Casualty Company, Inc. and Lexington National Insurance Corporation, Plaintiffs/Appellants,

v.

Curt PLETCHER d/b/a Action Bail Bonds, Defendant,

v.

The Court Clerk of Oklahoma County, Patricia Presley, Defendant/Appellee.

No. 110,773.

Supreme Court of Oklahoma.

June 18, 2013.

Mark T. Hamby, P. Gae Widdows and Katherine R. Morelli, Bonham & Howard, P.L.L.C., Tulsa, Oklahoma, for the appellants.

David A. Cincotta, Assistant District Attorney, Office of the District Attorney of Oklahoma County, Oklahoma City, for the appellee.

EDMONDSON, J.

¶1 The issue is whether the Oklahoma County Court Clerk (Court Clerk) is required to enforce alleged violations of the "Ten Bond Rule" of the Oklahoma Bail Bondsmen Act.[1] We answer in the negative and find that enforcement of 59 O.S. § 1320(B) lies with the Oklahoma Insurance Commissioner.

¶2 Title 59 O.S.2011 § 1320(B) (Ten Bond Rule) provides, in pertinent part:

No bail bondsman shall become a surety on an undertaking unless he has first registered his license in the office of the sher-

---

1.  59 O.S.2011 §§ 1301–1340.

iff and with the clerk of the district court in the county in which the bondsman resides or offices, but not both.... Notwithstanding the foregoing provisions of this section, a bondsman may write bonds on no more than ten defendants per year in each of the remaining seventy-six counties of this state in which the bondsman cannot register his license.

¶ 3 The rule limits a professional bondsman to writing bonds on no more than ten defendants a year in a county in which the bondsman is not registered. In *Surety Bail Bondsmen v. Insurance Commissioner*, 2010 OK 73, 243 P.3d 1177, 1185, we held that a professional bondsman cannot circumvent the rule by designating power to a surety bondsman to write bonds in counties where the professional bondsman is not registered.

¶ 4 Plaintiffs, a licensed bail bondsman and several insurance companies that issue bail bonds, complain that Curtis Pletcher, a registered professional bail bondsman in Tulsa County, is violating the Ten Bond Rule by using a surety bondsman to write more than ten bonds per year in Oklahoma County in violation of *Surety Bail Bondsmen, supra*. Plaintiffs argue that after Pletcher or his surety bondsman has written bonds on ten defendants in Oklahoma County in one year, any bonds issued thereafter in Oklahoma County are illegal and the Court Clerk should refuse to file them. Plaintiffs seek a temporary injunction to enjoin the court clerk from accepting from Curtis Pletcher any bonds that are in violation of the Ten Bond Rule.

¶ 5 The Court Clerk argues that the plaintiffs are precluded from recovering as a matter of law because: 1) her duties do not include enforcement of 59 O.S. § 1320(B); 2) her duty is to accept and file bonds, not to police the number of bonds filed by each and every bondsman; 3) enforcement of violations of the Bail Bond Act lies with the Oklahoma Insurance Commissioner; and 4) the Court Clerk may refuse to file a tendered document only if she suspects the document is sham legal process, a discretionary determination not subject to injunction.

¶ 6 The trial judge granted the Court Clerk's motion to dismiss, finding that pursuant to the Bail Bondsmen Act and specifically the Ten Bond Rule, enforcement is within the purview of the Insurance Department and not the Court Clerk. The plaintiffs filed a motion for new trial which was denied. The trial court found that a bond tendered for filing in violation of the Ten Bond Rule by a duly-licensed bail bondsman is not sham legal process as defined in 21 O.S. § 1533(H), but that even if it were, the court clerk has the discretion to either accept or refuse to accept for filing.[2] The trial judge certified the order for immediate review pursuant to 12 O.S. § 994(A).[3] We granted the Court Clerk's motion to retain the appeal.

¶ 7 A professional bondsman acts as the surety on a bail bond. 59 O.S. § 1321. The professional bondsman may transact the issuance of a bond directly or may do so by appointing a surety bondsman as an agent to act on the professional bondsman's behalf. If a surety is appointed, the professional bondsman must file a notice of the appointment with the Commissioner, pay a $10.00 fee and submit the agreement between the professional bondsman and the surety bondsman to the Commissioner. §§ 1316(A)(1), 1317(A). A surety bondsman must be approved by the Insurance Commissioner and the professional bondsman must notify the Commissioner when an agreement is canceled. *Surety Bail Bondsmen v. Insurance Commissioner*, 2010 OK 73, 243 P.3d 1177.

---

2. See *Petuskey v. Cannon*, 1987 OK 74, 742 P.2d 1117, 1121 (holding that even though a court clerk is subject to the court's control, the court cannot, merely by reason of the general relation which exists between the court and its clerk, control actions the clerk takes pursuant to a statute giving a court clerk personal authority to exercise according to his own judgment).

3. 12 O.S.2011 § 994(A) provides, in pertinent part:

A. When more than one claim for relief is presented in an action, whether as a claim, counterclaim ... or when multiple parties are involved, the court may direct the preparation and filing of final judgment ... or final order as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon express direction for the filing of a final judgment, decree, or final order ...

¶ 8 When the Bail Bondsmen Act was enacted in 1965 it did not contain the Ten Bond Rule.[4] The legislature amended the Act in 1984 to include the provision limiting a bondsman to writing bonds on no more ten defendants a year in a county in which the bondsman was not registered. Laws 1984, ch. 225, § 21. The Oklahoma Insurance Commissioner interpreted the rule to mean that while the bondsman was limited by the rule, he could appoint a surety to write an unlimited number of bonds in those counties. That interpretation led to the litigation in *Surety Bail Bondsmen v. Insurance Commissioner*, 2010 OK 73, 243 P.3d 1177.

¶ 9 In *Surety Bail Bondsmen* the plaintiffs filed a complaint with the Insurance Commissioner challenging his construction of the Ten Bond Rule. They argued that any bonds written under the authority of a power of attorney were subject to the same legal limitations imposed upon the principal bondsman, including the Ten Bond Rule. The Administrative Law Judge affirmed the Insurance Commissioner's interpretation and the plaintiffs appealed to district court. The district court affirmed the agency's interpretation and the Court of Civil Appeals affirmed the district court. The plaintiffs/intervenors filed a petition for writ of certiorari to this Court which was granted. On *de novo* review construing the statute, this Court rejected the Commissioner's interpretation. *Surety Bail Bondsmen* held that a bail bondsman cannot circumvent the Ten Bond Rule by giving power of attorney to a surety bondsman to do so. Plaintiffs contend that Curtis Pletcher is violating the Ten Bond Rule by continuing to use a surety bondsman to write bonds in Oklahoma County where he is not registered.

¶ 10 The legislature has granted to the Insurance Commissioner the power and authority to administer the Bail Bondsmen Act, which regulates bail bondsmen. Title 59 O.S. § 1302(A) provides:

"The Insurance Commissioner shall have full power and authority to administer the provisions of this act, which regulates bail bondsmen and to that end to adopt, and promulgate rules and regulations to en-force the purposes and provisions of this act. The commissioner may employ and discharge such employees, examiners, counsel, and other such assistants as shall be deemed necessary . . ."

Section 1310(A) grants power to the Insurance Commissioner to deny, censure, suspend revoke or refuse to renew any license issued under the Act for violation of any laws of this state, for violation of any lawful rule, regulation or order of the Commissioner relating to bail and for failure to comply with or violation of any proper order, rule or regulation of the Commissioner, as set forth in the section.

¶ 11 Subsection B of § 1310 provides that in addition to any applicable denial, censure, suspension or revocation of a license, any person violating any provision of the Bail Bondsmen Act may be subject to specified civil penalties. The fines may be enforced in the same manner as civil judgments may be enforced. Any order for civil penalties entered by the Commissioner which has become final may be filed with the Court Clerk of Oklahoma County and shall then be enforced by the judges of Oklahoma County. The Insurance Commissioner retains jurisdiction as to any person who cancels his license or allows it to lapse or otherwise ceases to be licensed, if the bondsman, while licensed, allegedly violated any provisions of the Act. 59 O.S. § 1310(E).

¶ 12 Subsection F of § 1310 provides that any law enforcement agency, district attorney's office, court clerk's office, or insurer who is aware that a licensed bail bondsman has been convicted of or has pleaded guilty or nolo contendere to any crime shall notify the Insurance Commissioner of that fact.

¶ 13 If, after investigation, it appears to the satisfaction of the Insurance Commissioner that a bail bondsman or insurer has been guilty of violating any of the laws or rules or regulations of the state relating to bail bonds, the Insurance Commissioner shall provide notice in writing to the bondsman or insurer as set out in the Administrative Procedures Act. 59 O.S. § 1311.

4. 1965 Okla. Sess. Laws 305–317, ch. 184

¶ 14 Section 1336 provides that any person violating any of the provisions of the Bail Bondsmen Act shall, upon conviction, be fined not more than five thousand dollars ($5,000.00) for each offense, or imprisoned in the county jail for not more than one (1) year, or both. Any person acting as a bondsman without a license is subject to the same penalties.

¶ 15 The legislature has implemented a detailed procedure for the regulation and enforcement of bail bondsmen in Oklahoma, granting broad powers to the Insurance Commissioner to enforce violations of the Bail Bondsmen Act. The role of the Court Clerk in the process has been specified throughout the Act.[5] The trial judge correctly ruled that enforcement of the Ten Bond Rule lies with the Insurance Commissioner and dismissed the action against the Court Clerk.

**AFFIRMED.**

ALL JUSTICES CONCUR.

---

5. For examples, in addition to the Court Clerk's duties spelled out in § 1320, the Clerk's duties are set out in the forfeiture procedure at § 1332, registration of bonds at § 1320A and property bonds at § 1324.