LAWSON v. BEATY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:LAWSON v. BEATY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 LAWSON v. BEATY
2020 OK CIV APP 8
Case Number: 116939
Decided: 01/23/2020
Mandate Issued: 02/19/2020
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2020 OK CIV APP 8, __ P.3d __

 


JAMES LAWSON, d/b/a LAWSON BAIL BONDS, Plaintiff/Appellant,
v.
VICKI BEATY, SEQUOYAH COUNTY DISTRICT COURT CLERK, Defendant/Appellee.
APPEAL FROM THE DISTRICT COURT OF
SEQUOYAH COUNTY, OKLAHOMA
HONORABLE MIKE NORMAN, JUDGE
AFFIRMED IN PART AND REVERSED IN PART
S. Stephen Barnes, BARNES LAW OFFICE, Wewoka, Oklahoma, and Brendon Bridges, BRIDGES LAW FIRM, Eufaula, Oklahoma, for Plaintiff/Appellant,
N. Jack Thorp, District Attorney, Jacob Howell, Assistant District Attorney, SEQUOYAH COUNTY DISTRICT ATTORNEY'S OFFICE, Sallisaw, Oklahoma, for Defendant/Appellee.
ROBERT D. BELL, PRESIDING JUDGE:
¶1 Plaintiff/Appellant, James Lawson, appeals from the trial court's order granting in part and denying in part his petition for injunctive relief against Defendant/Appellee, Vicki Beaty, the District Court Clerk of Sequoyah County. For the reasons set forth below, we affirm in part and reverse in part.
¶2 Plaintiff is the owner/manager of Lawson Bail Bonds, located in Poteau, LeFlore County. He is licensed by the Oklahoma Insurance Commission as a "Multicounty Agent Bondsman." In August 2017, Plaintiff filed the instant action for injunctive relief, alleging Defendant wrongfully (1) refused to publish Plaintiff's name and telephone number with the list of other bondsmen doing business in Sequoyah County, and (2) requires each Multicounty Agent Bondsman who does not have an office situated in Sequoyah County to file a letter of good standing from their home county each time the bondsman executes a bond in Sequoyah County. Plaintiff asserts any letter of good standing is considered by Defendant to be valid for only forty-eight (48) to seventy-two (72) hours after issuance. Because a letter of good standing can only be obtained during the business hours of his "home county" court clerk, Plaintiff urges his Sequoyah County clients are forced to either stay in jail until Plaintiff's "home county" court clerk's office opens or retain the services of another bondsman.
¶3 Central to Plaintiff's claims is §1306.1(D) of the Oklahoma Bail Bondsmen Act, 59 O.S. 2011 §1301 et seq. Pursuant to that subsection, a Multicounty Agent Bondsman is authorized "to execute bail bonds within any county in the State of Oklahoma." Furthermore, nothing in the Act or Insurance Commission regulations require a Multicounty Agent Bondsman to submit a letter of good standing from his/her own county before executing a bond in any other county. Finally, Plaintiff asserts the Oklahoma Insurance Commission maintains a list of bondsmen who are in good standing and authorized to execute bonds state-wide that can be accessed via the internet twenty-four (24) hours a day, seven (7) days a week.
¶4 Defendant testified at the injunction hearing that she relies on a court clerk handbook issued by the Oklahoma Administrative Office of the Courts (AOC) in requiring a letter of good standing from the bondman's home county. The handbook specifically states, "The Court Clerk is urged to require a Letter of Good Standing from the 'mother' county in which the bondsman is registered before allowing a bondsman to write bonds in the county." Defendant conceded that her office had the capability to access bondsman information from the Insurance Commissioner's website.
¶5 At the conclusion of the hearing, the trial court granted in part and denied in part Plaintiff's requested relief. The trial court granted Plaintiff's request that his name and telephone number be published with the list of local bondsmen. However, the court denied Plaintiff's request for injunctive relief prohibiting Defendant from requiring a letter of good standing from Multicounty Agent Bondsmen at the time of executing each bond in Sequoyah County. From the denial of his latter request, Plaintiff now appeals. This appeal proceeds as an appeal from an interlocutory order appealable by right pursuant to 12 O.S. Supp. 2013 §993(A)(2) (order denying injunction) and Oklahoma Supreme Court Rule 1.60, 12 O.S. Supp. 2013, Ch. 15, App. 1.
¶6 In Sharp v. 251st St. Landfill, Inc., 1996 OK 109, 925 P.2d 546, the Court reiterated the standard of review to be utilized here:
Granting or denying injunctive relief is generally within the sound discretion of the trial court and a judgment issuing or refusing to issue an injunction will not be disturbed on appeal unless the lower court has abused its discretion or the decision is clearly against the weight of the evidence. In reviewing the matter, we are not bound by the findings or reasoning of a trial court, but we must consider, examine and weigh all the evidence.
Id. at ¶4 (citations and parentheticals omitted).
¶7 As Plaintiff correctly points out, the AOC handbook relied upon by Defendant is outdated. The handbook page at issue stated not only that court clerks should require a Letter of Good Standing each time an out-of-county bondman writes a bond, it also advises court clerks that a bondsman can write no more than ten (10) bonds per county per year outside of his or her home county. According to a notation at the bottom of the subject handbook page, the handbook - or at least that particular page - was last revised in September 2007. The statutory classification of a Multicounty Agent Bondsman was created by the Oklahoma Legislature in 2014. See, e.g., Laws 2014, c. 53, §1, eff. July 1, 2014 (adding 59 O.S. Supp. 2014 §1301(13) to define "Multicounty agent bondsman"), and Laws 2014, c. 53, §3, eff. July 1, 2014 (adding §1306.1 to Title 59 regulating such bondmen). As previously stated, nothing in the Act requires a Multicounty Agent Bondsman to submit a letter of good standing from his/her own county before executing a bond in any other county. Further, Multicounty Agent Bondsmen were specifically exempted from the ten (10) bond out-of-county limit with the enactment of §1306.1(D).[1]
¶8 The Court in Dowell v. Pletcher, 2013 OK 39, 304 P.3d 735, held:
The legislature has granted to the Insurance Commissioner the power and authority to administer the Bail Bondsmen Act, which regulates bail bondsmen. Title 59 O.S. § 1302(A) provides:
"The Insurance Commissioner shall have full power and authority to administer the provisions of this act, which regulates bail bondsmen and to that end to adopt, and promulgate rules and regulations to enforce the purposes and provisions of this act. The commissioner may employ and discharge such employees, examiners, counsel, and other such assistants as shall be deemed necessary . . ."
* * *
The legislature has implemented a detailed procedure for the regulation and enforcement of bail bondsmen in Oklahoma, granting broad powers to the Insurance Commissioner to enforce violations of the Bail Bondsmen Act. The role of the Court Clerk in the process has been specified throughout the Act.
Dowell, 2013 OK 39 at ¶¶10 and 15.
¶9 Neither the Act nor Insurance Commission regulations require Plaintiff to submit a letter of good standing from the LeFlore County District Court Clerk before he executes a bond in Sequoyah County. Defendant's imposition of such a policy is unauthorized by law. Accordingly, we reverse that portion of the trial court's judgment that denied Plaintiff's request for an injunction prohibiting Defendant from requiring a letter of good standing from Multicounty Agent Bondsmen at the time of executing a bond in Sequoyah County. The remainder of the trial court's judgment is affirmed.
¶10 AFFIRMED IN PART AND REVERSED IN PART.
BUETTNER, J., and GOREE, J., concur.
FOOTNOTES
[1] Bondsmen who are not licensed as a Multicounty Agent Bondsmen continue to be limited to ten (10) out-of-county bonds per county per year. 59 O.S. Supp. 2017 §1320(B).




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1996 OK 109, 925 P.2d 546, 67 OBJ 2930, Sharp v. 251st Street Landfill, Inc.
Discussed
 2013 OK 39, 304 P.3d 735, DOWELL v. PLETCHER
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 993, Appeals from Certain Interlocutory Orders - Undertaking
Cited
Title 59. Professions and Occupations
 Cite
Name
Level

 59 O.S. 1301, Definitions
Discussed
 59 O.S. 1302, Power and Authority to Administer Act - Acceptance of Copies of Action, Proceeding, or Finding of Fact - Review of Files
Cited
 59 O.S. 1320, Registration Requirement - Certified Copy of Appointment - Limitation on Number of Bonds Written - Fee
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA